# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| **ROBERT EGGERS,** individually and on behalf of all others similarly situated, <br><br> *Plaintiff*, <br><br> *v.* <br><br> **HOMES.COM, LLC**, a Delaware company, <br><br> *Defendant.* | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Robert Eggers ("Plaintiff Eggers" or "Eggers") brings this Class Action Complaint and Demand for Jury Trial against Defendant Homes.com, LLC ("Defendant Homes.com") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited pre-recorded calls without consent. Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Eggers, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## PARTIES

1.    Plaintiff Eggers is a resident of Palmetto, Florida.

2.     Defendant Homes.com is a Delaware registered company headquartered in Richmond, Virginia. Defendant Homes.com conducts business throughout this District, and throughout the United States.

## JURISDICTION AND VENUE

3.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4.     This Court has personal jurisdiction over the Defendant because Defendant Homes.com does business in this state and Plaintiff's claim arises from that business.

5.     Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant Homes.com does business in this District and the wrongful conduct giving rise to this case was directed from the Defendant into this District where the Plaintiff resides.

## INTRODUCTION

6.     As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

7.    When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

8.    By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

9.    The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

10.    According to online robocall tracking service "YouMail," 4.2 billion robocalls were placed in April 2026 alone, at a rate of 140.2 million per day. www.robocallindex.com (last visited May 31, 2026).

11.    The FCC also has received an increasing number of complaints about unwanted calls, with 150,000 complaints in 2016, 185,000 complaints in 2017, and 232,000 complaints in 2018. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

12.    "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

3

13. "The FTC receives more complaints about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

14. Defendant Homes.com is a nationwide online real estate marketplace that operates a website and related digital platforms through which consumers search for homes, connect with real estate professionals, obtain property information, and receive real estate-related services.[3]

15. To promote its services and generate business, Homes.com engages in telemarketing campaigns directed at consumers and prospective customers throughout the United States.

16. These campaigns include the use of pre-recorded voice message calls, as per Plaintiff's experience.

17. Consumers have posted complaints online about pre-recorded calls that they received from Homes.com, including:

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf

[3] https://www.linkedin.com/company/homes-com/about/

4



18. In response to these calls, Plaintiff Eggers brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, and an award of statutory damages to the members of the Class and costs.

## PLAINTIFF EGGERS' ALLEGATIONS

19. Plaintiff Eggers is the subscriber and the sole user of the cell phone number ending with 9943.

20. In mid-May of 2026, Plaintiff Eggers received an unsolicited call to his cell phone from a 941 area code.

21. When Plaintiff Eggers answered this call, an automated greeting stated, "Hi, this is Homes.com. Please stay on the line for an agent."

22. Plaintiff disconnected the call.

23. On May 20, 2026, Plaintiff Eggers received a 2nd unsolicited call to his cell phone, this time from 941-271-0903.

---

[4] https://www.consumeraffairs.com/homeowners/homes.html?page=1#sort=recent&filter=1
[5] https://www.google.com/search?q=%22homes.com%22+robocall

24.    When Plaintiff Eggers answered this call, an automated greeting stated, "Hi, this is Homes.com. Please stay on the line for an agent."

25.    Again, Plaintiff Eggers disconnected the call.

26.    When 941-271-0903 is dialed, an automated system identifies the company name Homes.com.[6]

27.    On May 28, 2026, at 6:52 PM, Plaintiff Eggers received a 3rd unsolicited call to his cell phone, this time from 941-206-8495.

28.    This call was not answered, but a pre-recorded voicemail was left identifying the company name Homes.com.

29.    Plaintiff Eggers called 941-206-8495 back on May 28, 2026, at 7:19 PM.

30.    Plaintiff heard an automated message identify the company name Homes.com. He was unable to get through to a live agent.

31.    Plaintiff Eggers has never provided his cell phone number to Defendant Homes.com in any context.

32.    He is not a real estate agent and has not been looking to buy, sell, or engage in any kind of a real estate transaction.

33.    The pre-recorded voicemails that Plaintiff Eggers received were unsolicited.

---

[6] Based on an investigation conducted on behalf of Plaintiff's attorneys.

34. The unauthorized pre-recorded telephone calls that Plaintiff received from the Defendant have harmed Plaintiff Eggers in the form of annoyance, nuisance, and invasion of privacy, occupied his phone line, and disturbed the use and enjoyment of his phone.

35. Seeking redress for these injuries, Plaintiff Eggers, on behalf of himself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

36. Plaintiff Eggers brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Pre-recorded No Consent Class:** All persons in the United States who, from four years prior to the filing of this action through the date of class certification, (1) received a call from Defendant on their cellular telephone number (2) using an artificial or pre-recorded voice.

37. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally

adjudicated and/or released. Plaintiff Eggers anticipates the need to amend the Class definition following appropriate discovery.

38. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

39. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff and members of the Pre-recorded No Consent Class;

(b) whether Defendant places these calls without first obtaining consent to make the calls;

(c) whether the calls constitute a violation of the TCPA;

(d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

40. **Adequate Representation**: Plaintiff Eggers will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Eggers has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Eggers and his counsel are committed to vigorously

prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Eggers nor his counsel have any interest adverse to the Class.

41. **Appropriateness**: This class action is also appropriate for certification because the Defendant acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Eggers. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff Eggers and the Pre-recorded No Consent Class)

42.    Plaintiff repeats and realleges the prior paragraphs of this Complaint and incorporates them by reference herein.

43.    The Defendant transmitted unwanted telephone calls to Plaintiff Eggers and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

44.    These pre-recorded voice calls were made *en masse* without the prior express written consent of the Plaintiff and the other members of the Pre-recorded No Consent Class.

45.    The Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a)    An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

10

b)  An award of actual and/or statutory damages and costs;

c)  An order declaring that Defendant's actions, as set out above, violate the TCPA;

d)  An injunction requiring the Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Class; and

e)  Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Eggers requests a jury trial.

**ROBERT EGGERS**, individually and on behalf of all others similarly situated,

DATED this 9th day of June, 2026.

By: /s/ *Stefan Coleman*

Stefan Coleman (Fla. Bar No. 30188)
COLEMAN PLLC
18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman (Fla. Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*

*\* Lead Attorney*

12